UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAYLOR MADISON,<br><br>    Plaintiff,<br><br>v.<br><br>36TH DISTRICT COURT<br>and NANCY M. BLOUNT,<br><br>    Defendants. | Case No. 20-cv-11424<br><br>Sean F. Cox<br>United States District Court Judge |

## <u>OPINION AND ORDER GRANTING DEFENDANT NANCY M. BLOUNT'S MOTION TO DISMISS</u>

Taylor Madison filed this civil rights suit against both the 36th District Court and Judge Nancy M. Blount. She alleges several violations of federal civil rights laws stemming from the reassignment of her state-court case to a different judge. The parties have briefed the issues, and the Court held a Zoom hearing on April 8, 2021. Before the hearing, counsel for Madison and the 36th District Court stipulated that the 36th District Court would be dismissed with prejudice from this action; they filed a joint order shortly thereafter (ECF No. 23).

After considering Madison's claims against Judge Blount, the Court also will dismiss the case against Judge Blount for the reasons discussed below.

**I.**

**A.**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual

1

allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In conducting this analysis, 'the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### B.

The decade-long history of this case has been well-summarized in many Michigan state-court opinions. *See, e.g.*, *Madison ex rel. Dickens v. AAA of Mich.* (*Madison I*), No. 10-101514-NF, 2017 WL 11459401 (Wayne Cty. Cir. Ct., July 18, 2017). As background, the "Michigan Supreme Court requested a study of the 36th District Court" and "issued an order appointing Hon. Michael Talbot Judge of the Court of Appeals as Special Judicial Administrator" of the court. *See id.* at *1. One part of the study related to cases brought by attorney Michael Fortner, who had filed more than 100 cases in that court between 2010 and 2013. *See id.* Judge Talbot and Chief Judge Nancy M. Blount "identified a need for assistance in designing and implementing an effective caseflow management plan for the newly created civil division." *See id.* at *2. This restructuring included consolidating the 49 pending cases filed by Fortner and assigning them to a single docket. *See id.* at *1–2. Ultimately, Judge Talbot assigned those pending cases to Judge Pamela Harwood. *See id*. at *2 n.9. Harwood, who was a visiting judge, started her appointment on September 11, 2013. (ECF No. 15-6, PageID.431.) The Michigan Supreme Court ended Judge Talbot's

appointment as a special judicial administrator for the 36th District Court on September 18, 2014. (ECF No. 13-2, PageID.76). The state court administrative office extended Harwood's assignment as visiting judge periodically through December 31, 2017. (ECF No. 15-6.)

In this federal case, Madison's claims relate to the extensive state-court litigation that started after she was struck by an automobile in 2004, at the age of 10. *See Madison ex rel. Dickens v. AAA Mich.* (*Madison II*), No. 17-011570-AV, 2018 WL 9991249, at *1 (Wayne Cty. Cir. Ct., Feb. 26, 2018), *aff'd on other grounds*, No. 342868, 2019 WL 4732676 (Mich. Ct. App. Sept. 26, 2019), *appeal denied*, 941 N.W.2d 375 (Mich. 2020). Represented by Fortner, Madison filed a no-fault insurance suit in Michigan's 36th District Court, where the Hon. B. Pennie Millender was the presiding judge. *See id.* at *1–2, *2 n.11. In 2011 a jury returned a verdict of $46,233 in Madison's favor. *See id.* at *2. Then, the case took many turns:

> Her complaint alleged damages in the amount of $25,000, the jurisdictional maximum, yet her proofs totaled $144,480, an amount far exceeding the jurisdictional limit. . . . In November 2011, the parties stipulated to the entry of a judgment for $25,000. . . . One month after judgment entered, defendant filed an unsuccessful motion for judgment notwithstanding the verdict or transfer to the circuit court. Defendant claimed an appeal in the circuit court, asserting that the district court lacked jurisdiction because the amount in controversy exceeded $25,000. The circuit court rejected this argument. This Court granted defendant's application for leave to appeal and in 2014, [the court of appeals] vacated the judgment on subject-matter jurisdiction grounds.

*Madison ex rel. Dickens v. AAA of Mich.* (*Madison III*), No. 342868, 2019 WL 4732676, at *1 (Mich. Ct. App. Sept. 26, 2019).

An appeal in Madison's case was held in abeyance while the Michigan Supreme Court considered a "virtually identical" case filed by Fortner. *See id.* Ultimately, the state high court held that the district court was not divested of subject-matter jurisdiction. *See id.* On remand, Madison's

case was heard by Judge Harwood, who dismissed Madison's case in 2017. *See Madison I*, 2017 WL 11459401, at *1, *5. But the state circuit court reversed that opinion, *see Madison II*, 2018 WL 9991249, at *5, and the state court of appeals affirmed, *see Madison III*, 2019 WL 4732676, at *7, *appeal denied*, 941 N.W.2d 375 (Mich. 2020). In July 2020 the case again returned to the 36th District Court, where it was assigned to Chief Judge William McConico. (ECF No. 14-2, PageID.137.)

## C.

Madison's suit here alleges that Judge Blount "reassigned this case to Pamela Harwood (Caucasian), a non-36th District Judge, who was hand-picked by Defendant Blount." (ECF No. 13, PageID.44.) Madison, who is black, continues that "upon information and belief, Defendant Blount assigned only Taylor Madison's case to Judge Harwood." (*Id.* at 43–44) Furthermore, she says she never received an order explaining the reassignment of her case to a new judge on remand. (*Id.* at 44.) Madison accuses Judge Harwood of being Judge Blount's "hand-picked 'private judge,'" who used to work as an arbitrator in cases involving the defendant insurance party. (*Id.* at 44–45.) And Madison believes that Judge Blount's request for a visiting judge related solely to the purpose of presiding over the remand of her case. (*Id.* at 45.) Finally, Madison states that "upon information and belief, Defendant Blount did *not* assign any Caucasian litigants to Harwood, only Taylor Madison." (*Id.* at 46.) Her suit seeks $2 million for alleged violations of 42 U.S.C. §§ 1981, 1983, and 1985 as well as a *Monell* claim. (*Id.* at 46–51.)

Judge Blount responds with a long list of reasons why Madison's suit should be dismissed under Rule 12(b)(6). (ECF No. 14.) The Court will now consider those arguments in turn.

4

II.

A.

First, Judge Blount's motion argues that Madison's complaint fails to state a § 1981 claim. (ECF No. 14, PageID.117.) Under that statute, "[a]ll persons . . . shall have the same right . . . to make and enforce contracts." *See* 42 U.S.C. § 1981. Yet, Madison does not identify a contractual relationship here. Nor can Madison use § 1981—rather than § 1983—to sue Judge Blount, who is a state actor. *See Boxill v. O'Grady*, 935 F.3d 510, 519 (6th Cir. 2019). The Court agrees that Madison failed to state a claim under § 1981.

Likewise, Madison's conspiracy claim under § 1985 falls short. To state a conspiracy claim, Madison must allege "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)), *cert. denied*, 140 S. Ct. 855 (2020). Judge Blount correctly notes that the intracorporate conspiracy doctrine applies here. If "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* (quoting *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839–40 (6th Cir. 1994)). This doctrine applies to conspiracy claims like the one here. After all, Judge Blount and the 36th District Court are members of the same collective entity. So the conspiracy claim is dismissed.

Next, Judge Blount moves to dismiss Madison's § 1983 claim against her. Madison alleges that Judge Blount targeted her based on her race, specifically that Judge Blount reassigned her case to Judge Harwood because she was black. In addition, Madison believes that no white person was

5

reassigned to Judge Harwood. She asserts that Judge Blount had a vendetta against her and assigned *solely* her case to Judge Harwood.

There are numerous shortcomings of Madison's § 1983 claim. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal quotation marks and citation omitted). Moreover, an "allegation of discriminatory intent based on race must be 'accompanied by some evidence that the people not disciplined were similarly situated and of a different race.'" *Id.* (quoting *Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009)). Yet, nowhere in Madison's complaint does she adequately plead disparate treatment compared to a similarly situated person of a different race. Rather, the public record indicates that cases filed by Michael Fortner on behalf of dozens of other plaintiffs—not just hers—were reassigned to Judge Harwood. The record also indicates that Judge Harwood was not "hand-picked" by Judge Blount; rather, Judge Talbot was the person who assigned the 49 pending cases to Judge Harwood.

Ultimately, Madison's § 1983 claim cannot withstand a motion to dismiss. "A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012); *accord Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190–91 (4th Cir. 2010) ("Here, although Coleman's complaint conclusorily alleges that Coleman was terminated based on his race, it does not assert facts establishing the plausibility of that allegation. . . . Absent such support, the complaint's allegations of race discrimination do not rise above

6

speculation.") The complaint's threadbare allegations are conclusory, speculative, and devoid of supporting facts. Madison offers little more evidence of discrimination than the facts that she is Black and Judge Harwood is white. Yet, membership in a protected class alone is not enough to show entitlement to relief. *See, e.g.*, *Downs v. Bel Brands USA, Inc.*, 613 F. App'x 515, 519 (6th Cir. 2015); *Han v. Univ. of Dayton*, 541 F. App'x 622, 626–27 (6th Cir. 2013). Rather, a plaintiff must allege more than "naked assertions devoid of further factual enhancement." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (alterations and internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

Additionally, Madison fails to state a claim for relief under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Monell* governs the liability of municipalities under 42 U.S.C. § 1983. "[L]iability will attach only where the plaintiff establishes that the municipality engaged in a 'policy or custom' that was the 'moving force' behind the deprivation of the plaintiff's rights." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 694). Yet, the 36th District Court is not a municipality, but an arm of the State of Michigan. Nor is Judge Blount an official for a municipality. So *Monell* is inapplicable to this case. Madison's related cause of action must be dismissed.

### B.

One other reason prevents Madison's claims against Judge Blount from advancing: judicial immunity. "'Although unfairness and injustice to a litigant may result on occasion,' a judge must be able to exercise his judicial authority 'without apprehension of personal consequences to himself.'" *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). Judges are immune from suits seeking damages as long as their actions were

7

"judicial." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Courts must consider both "the nature of the act" and "the expectations of the parties." *Id.*

Here, Judge Blount is immune from suit because the nature of her acts was judicial. The Court disagrees with Madison (ECF No. 18, PageID.1073) that Judge Blount was acting as an administrator. Even if Judge Blount had been the person who reassigned Madison's case—although the record indicates otherwise—"the assignment of cases is still a judicial function in the sense that it concerns the case deciding process." *Barrett v. Harrington*, 130 F.3d 246, 258 (6th Cir. 1997) (quoting *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985)). In *Barrett*, the Sixth Circuit held that a judge's letter to prosecutors was protected by judicial immunity because it involved the case-deciding process even though it "did not concern whether [the plaintiff] would win or lose the case." *See id.* Other case law confirms that judges are entitled to immunity for acts related to the case-deciding process. *See, e.g.*, *Cameron*, 38 F.3d at 272 (holding that judge's transfer of a case worker's cases was a judicial act); *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) (holding that judge's acts of setting hearing dates and of collecting attorney's fees were judicial acts).

Madison's citations to the contrary (ECF No. 18, PageID.1072–73) are distinguishable. To be sure, the Sixth Circuit has indicated that when "an action taken by a judge is not an adjudication between parties, it is less likely that the act is a judicial one." *Cameron*, 38 F.3d at 271 (quoting *Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989)). But as discussed above, *Cameron* held that the judge in the case was immune from suit even though his actions were not adjudications between parties. *See id.* at 272. Madison also cites *Forrester v. White*, 484 U.S. 219 (1988) and

*Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), but these cases are inapposite. The Supreme Court held in *Forrester* that a judge was not protected by judicial immunity when he fired a court employee. *See* 484 U.S. at 230. In *Antoine*, the Supreme Court held that a court reporter was not entitled to judicial immunity. *See* 508 U.S. at 437. Neither of those cases persuades this Court that Judge Blount performed acts that were not judicial in function.[1]

Because of these reasons, Madison's claims against Judge Blount are dismissed.

### III.

There are "proper procedures for a litigant wishing to challenge a judge's rulings," *see Coleman v. Roberts*, No. 19-13448, 2019 WL 6617977, at *2 (E.D. Mich. Dec. 5, 2019)—including the appellate procedure that the plaintiff successfully used in state court. "Suing the judge is not one" of those proper procedures, however. *Id.* And although this Court takes seriously any accusations of racial bias, the allegations here lack supporting facts and are not sufficient to survive a motion to dismiss. *See HDC*, 675 F.3d at 613; *Coleman*, 626 F.3d at 190–91. Defendant Nancy M. Blount's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 15, 2021　　　　　　　　　　　　　s/Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　　　U. S. District Judge

---

[1] At the hearing, co-counsel for Madison (who filed his appearance on the day of the hearing) raised an argument that was not discussed in the pleadings. He argued that Judge Blount should not be entitled to judicial immunity because she failed to follow state-court rules related to transferring cases. *See* Mich. Ct. R. 8.110(C) (discussing duties and powers related to chief judge's role); Mich. Ct. R. 8.111(C) (discussing reassignment of cases). However, even if it were appropriate to consider the argument at this stage, the state-court rules confirm that a chief judge's reassignment of a case to a visiting judge is clearly a function that is normally performed by a judge. Such an act, therefore, is protected by judicial immunity. *See Barrett*, 130 F.3d at 258.